IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| MORNINGSTAR MARKETPLACE, LTD, | * | CHAPTER 11 |
|     Debtor | * | |
| | * | |
| | * | CASE NO. 1:14-bk-00451MDF |

## OPINION

Morningstar Marketplace, LTD ("Debtor") filed its bankruptcy petition on February 3, 2014. On August 1, 2014, Debtor filed a Motion to Extend Plan Filing Date (the "Motion"). A hearing was held on September 9, 2014 at which time the Court denied the Motion because it was filed after the exclusivity period had expired, and an Order was entered on September 10, 2014 (the "September 10 Order"). Debtor subsequently filed a Motion to Reconsider Order in which Debtor stated that "Debtor's Motion was filed within the 180 day period mentioned in 11 U.S.C. §1121(c)." Debtor further stated that "it was Debtor's intention to request a six (6) month extension of the time for the filing of a Plan of Reorganization, not an extension of exclusivity."[1]

Under 11 U.S.C. §1121(a), Debtor may file a plan of reorganization at any time during its bankruptcy case. 11 U.S.C. §1121(a) ("debtor may file a plan with a petition . . . . , or at any time.) Unless a debtor is a "small business debtor" as defined in the Bankruptcy Code, Debtor has the exclusive right to file a plan during the first 120 days after it has filed its bankruptcy petition. 11 U.S.C. §1121(b) (" . . . only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.")[2] Subsections (c) and (d) of Section 1121 provide

---

[1]No deadline for filing a plan of reorganization has been entered in this case.

[2] Under 11 U.S.C. §1121(e), a small business debtor has the exclusive right to file a plan within 180 days of the date of filing of its petition. Here, Debtor's petition indicates that Debtor is not a small business debtor.

exceptions to the 120-day exclusivity period. Under subsection (c), a party in interest may propose a plan if and only if: 1) a trustee has been appointed; 2) the debtor has not filed a plan within 120 days of filing its bankruptcy petition; or 3) the debtor has filed a plan within 120 days of filing its bankruptcy petition, but the plan has not been accepted within 180 days of the petition date. 11 U.S.C. §1121(c). Subsection (d) authorizes the Court to extend or reduce the 120-day exclusivity period of subsection (b) or the 180-day period of subsection (c) for cause upon a request by a party in interest made within the specified periods indicated in subsections (b) and (c). 11 U.S.C. §1121(d).

Here, Debtor's bankruptcy petition was filed on February 3, 2014, and Debtor's Motion was filed on August 1, 2014; thus, Debtor's Motion was filed 179 days after the date of the petition. Debtor did not file a plan or request an extension of exclusivity within 120 days of the date of filing its petition. In its request to reconsider, Debtor states that the Motion was filed "within the 180 day period mentioned in 11 U.S.C. §1121(c)." However Subsection (c)(3) does not apply to Debtor because Debtor has not yet proposed a plan. Subsection (c)(3) only comes in to play when a debtor has proposed a plan, but it has not been confirmed within 180 days of the petition date. Therefore, the request to reconsider the September 10 Order is denied. However, as the Court noted at the hearing, nothing prevents Debtor from filing a plan "at any time," even if other parties in interest are now also permitted to file a plan. An appropriate order follows.

By the Court,

*Mary D France*
Chief Bankruptcy Judge
(VK)

Date: September 12, 2014

2

Case 1:14-bk-00451-RNO    Doc 115    Filed 09/12/14    Entered 09/15/14 09:21:39    Desc
Main Document    Page 2 of 2