IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                :
                                      :   No. 1-14-BK-00451-MVF
MORNINGSTAR MARKETPLACE, LTD.:
Debtor                                :   CHAPTER 11

## DEBTOR'S MOTION TO SELL PROPERTY
## FREE AND CLEAR OF LIENS, JUDGMENTS AND ENCUMBRANCES

AND NOW, this 17th day of December, 2015, comes Debtor Morningstar Marketplace, LTD, by its counsel, Adam Klein, Esquire, and requests Court approval for the sale of property hereinafter described and states in support of its Motion the following:

1. On February 3, 2014, a voluntary petition for relief was filed by Debtor under Chapter 11 of the United States Bankruptcy Code in this district commencing the above case.

2. Since the filing of Debtor's case, Debtor has operated as a Debtor-in-Possession, has filed all required reports consistent with statutes establishing the Office of the United States Trustee, and has otherwise conducted its business in accordance with the requirements of the Bankruptcy Code.

3. The Debtor is the owner of real estate consisting of 28.544 acres at 5309 Lincoln Highway West, Jackson Township, Thomasville, York County, Pennsylvania (the "Real Estate Assets").

1

4. The Debtor is the owner of the real estate, buildings and improvements located in Thomasville, York County, Pennsylvania, constituting assets being sold (hereinafter the "Real Estate Assets"). Two associated entities, Morningstar Marketplace, Inc. and Morningstar Solar LLC are owners of the equipment, buildings, improvements, solar field and operations located in Thomasville, York County, Pennsylvania, constituting additional assets being sold (hereinafter the "Additional Assets"), which taken together with the Real Estate Assets are hereinafter referred to as the "Assets."

5. The Assets are secured by PNC Bank, NA, and, to some extent, by M&T Bank as Trustee for the Bondholders.

6. Debtor has received an offer in the form of a Letter of Intent, who Debtor believes has financial resources sufficient to purchase and carry on the Debtor's business. A copy of the Letter of Intent is attached hereto as Exhibit "A."

7. The Letter of Intent is an offer to purchase the Assets described therein for the sum of Two Million Eight Hundred Thousand Dollars ($2,800,000.00).

8. Debtor believes and avers that the offer from the purchaser is a good faith offer in accordance with the provisions of the Bankruptcy Code (11 U.S.C. §363(m)).

9. Buyer understands that approval of this sale can only be obtained upon prior written Notice to All Creditors and Parties-in-Interest which will disclose the terms of the offer including price, and as a practical matter becomes public knowledge, and can be topped by a higher and better offer.

10. Any person or entity interested in providing a higher and better offer for the

Assets (a competing offer) must submit its offer in writing on or before a date to be established by the Court, with copies of that offer to the Office of the United States Bankruptcy Clerk at The Ronald Reagan Federal Building, 228 Walnut Street, Harrisburg, PA 17101 and Adam Klein, Esquire at Smigel, Anderson & Sacks, 4431 North Front Street, Harrisburg, PA 17110.

11. Any offer that is submitted that is competing must be Twenty-Five Thousand Dollars ($25,000.00) higher than the present offer in order to be considered as a competing offer. Each competing offer must be accompanied by a cash deposit of Twenty-Five Thousand Dollars ($25,000.00) in the form of certified funds or deposit by wire transfer or other method acceptable to Debtor's attorney to be held in escrow pending the outcome of any hearing on any competing offer or offers.

12. Any competing offer must contain no more burdensome terms and conditions than those contained in the Letter of Intent attached hereto as Exhibit "A." Sale of the Assets described, is subject to higher and better offers.

13. Authorized representatives of any offerors must appear at the time of the sales hearing.

14. This Court has established, by a Bidding Procedures Order (the "Order") entered in this case that a hearing will be held, by this Court, to determine the terms and conditions of the offer. A copy of the Bidding Procedures Order is attached hereto as Exhibit "B."

15. Any bidding that takes place subsequent to a competing bid shall proceed in increments of Twenty-Five Thousand Dollars ($25,000.00), or such other increments

as agreed to by the bidders and the Debtor.

16. The proposed purchaser and any competing offeror or offerors shall have the right to participate in bidding at the time of the sales hearing conducted under the terms and conditions hereinabove described.

17. Competing offerors must demonstrate financial ability to perform and must be prepared to further their offers at the sales hearing.

18. Debtor believes that the purchaser who has submitted the Letter of Intent is a good faith purchaser who has acted in accordance with the requirements of *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F.2d 143, 147 (Third Circuit, 1986). The proposed purchaser is not an insider of the Debtor.

19. Debtor believes and avers that the sale proposed by the Letter of Intent is one which qualifies for a finding by the Court that the purchaser is a good faith purchaser pursuant to the provisions of 11 U.S.C. §363(m).

20. The associated entities to the Debtor shall, upon direction by the Court, take any steps required to allow all assets to come under the Court's jurisdiction (including, if necessary, the filing of companion cases).

21. Debtor is providing actual copies of this Motion, either electronically or otherwise, to all parties in interest including, without limitation, all persons who appear of record or otherwise have or assert any interest in the assets who have been parties to any contract or purchase offer with respect to the assets and who are governmental entitles having or asserting any inchoate tax lien with respect to the property.

22. The Order Approving Bidding Procedures entered on December 16, 2015 requires that this Motion be filed.

WHEREFORE, Debtor respectfully requests the Court to conduct a hearing on any objections or any higher offers that may be submitted pursuant to the terms of this Motion and, upon the conclusion of the hearing, determine that the purchaser or the alternate bidder, has qualified as a good faith purchaser pursuant to the provisions of 11 U.S.C. §363(m), and find that the sale is one which is made pursuant to the provisions of the Code free and clear of liens, claims and encumbrances which shall exclusively attach to the proceeds thereof so that if any liens, claims or encumbrances exist and qualify for attachment, the same shall otherwise attach to the proceeds so that the sale shall be free and clear of the same and that the Court take any other action consistent with the Debtor's Motion which the Court deems to be appropriate in order to accomplish the purpose of this Motion.

Respectfully submitted,

s/s Adam G. Klein, Esquire
Attorney ID No. 82283
SMIGEL, ANDERSON & SACKS, LLP
4431 North Front Street
Harrisburg, PA 17110
717-234-2401; FAX: 717-234-3611
aklein@sasllp.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                    :
                                          :  No. 1-14-BK-00451-MVF
MORNINGSTAR MARKETPLACE, LTD.:
   Debtor                                 :  CHAPTER 11

## CERTIFICATE OF NON-CONCURRENCE

I, Adam G. Klein, Attorney for Debtor, represent that Geoffrey Shuff, Esquire and James Thoman, Esquire do not concur with Debtor's Motion to Sell Property Free and Clear of Liens, Claims and Encumbrances.

Respectfully submitted,

s/s Adam G. Klein, Esquire
Attorney ID No. 82283
SMIGEL, ANDERSON & SACKS, LLP
4431 North Front Street
Harrisburg, PA 17110
717-234-2401; FAX: 717-234-3611
aklein@sasllp.com

1